BUNCH *v.* TIPTON.

Opinion delivered June 24, 1905.

STATE CHARITABLE INSTITUTIONS—CONTRACT FOR SUPPLIES—ENFORCEMENT.—
A contract entered into by the board of trustees of the State charitable institutions for the furnishing of supplies for those institutions for a period of three months will not be enforced; Kirby's Digest, § 4130, requiring such contracts to be let monthly on the first Monday in each month.

Appeal from Pulaski Chancery Court.

JESSE C. HART, Chancellor.

Affirmed.

*Morris M. Cohn,* for appellant.

*Bradshaw & Helm,* for appellee.

RIDDICK, J.   This is an action to compel H. C. Tipton and others, comprising the Board of Trustees of the State Charitable Institutions, to specifically perform and carry out a contract for the purchase of coal from the plaintiff for such institutions during the months of December, 1902, and January, February and March, 1903.   Plaintiff alleged that, after having made such contract with him, and after he had given bond and prepared to fully carry out the contract on his part, the board, in January, 1903, arbitrarily and without cause rescinded the contract, and refused to accept or pay for coal from the plaintiff.   The defendant demurred to the complaint, and the demurrer was sustained and the complaint dismissed.

We are of the opinion that this judgment must be affirmed, for the reason that under the statute the board had no right to contract for coal for a longer period than one month.   The statute requires that the board, through its purchasing agent, shall advertise monthly for such supplies "for ten days before the first Monday in each month, upon which day the contract for the succeeding month shall be awarded to the lowest and best bidder for the furnishing of said supplies."   Kirby's Dig. § 4130.

This statute is mandatory, and shows that the board had no right to make the contract which it made with plaintiff.   The action of the board in making the contract and then refusing to comply with it no doubt caused inconvenience and loss to plaintiff; but, as the contract was contrary to the statute, the courts cannot enforce it.

Judgment affirmed.